Cameron J.
delivered the opinion of the Courts
There is no example to be found in the books, where money has been paid, by one of two parties to the other on an illegal contract—both being particeps criminis in equal degree, that an action has been maintained to recover it back *395 again; and it is unquestionably one of the greatest securities against transactions of this description, that the contracting parties can have no redress against each other; and that where they are equally guilty of an infraction of the law, the claims of either may be effectually resisted.
Of a principle so salutary in its operation in restraining crimes and immoralities, we should be reluctant to weaken the force, by any refinement of construction, or subtlety of reasoning; and without a broad legislative direction to the contrary, we feel not less disposed than the able men who have gone before us, so to expound the law, is to promote the practice of private virtue, and check the growth of this most ruinous vice of gaming.
We do not find in the act of 1788, language sufficiently explicit for this purpose. It is at best doubtful, and does not afford a satisfactory ground of decision, to overrule the common law. The words “ other personal estate,” seem to relate to specific chattels, as they follow the words “ transfer of slaves,” and it would be difficult, if not impossible, to enumerate all the chattels that might be so transferred. Besides, the word transfer, is ordinarily applied to the sale or pledge of a chattel; never to the payment of money. A horse is transferred—but money is paid. If the latter had been intended by the Legislature, it would probably have been expressed. If it is now to be understood, the act must be read thus : “ the transfer of money to secure or satisfy the payment of money.”
Upon the whole, we are furnished with a clear, strong light to direct us in the plain, open road of the common law, and that leads to the advancement of morality, and the suppression of vice. We ought not to be diverted from it, by the faint glimmering in the statute, into the devious track of doubtful and mischievous construction.——Judgment affirmed.